IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY MEANS,

                                            ORDER

               Plaintiff,

                               12-cv-725-bbc

       v.

TIM HAINES, CARRIE SUTTER,
T. DICKMAN, ELLEN RAY, KELLY TRUMM,
CHARLES COLES and CHARLES FACKTOR,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Jerry Means, a prisoner at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, has filed a proposed complaint for money damages and a request for leave to proceed in forma pauperis. The request will be denied, because plaintiff does not qualify for in forma pauperis status under 28 U.S.C. § 1915(g).

Section 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, plaintiff was denied leave to proceed in forma pauperis in lawsuits that were legally frivolous. See Means v. Paulsen, 09-cv-766 (E.D. Wis. August 24,

1

2009); Means v. MSDF, 09-cv-744 (E.D. Wis. August 24, 2009); and Means v. DOC, 09-cv-687 (E.D. Wis. August 24, 2009).

Plaintiff does not allege facts in his complaint from which an inference may be drawn that he is under imminent danger of serious physical injury.  He alleges that defendants denied him meaningful access to the courts by denying his repeated requests for a legal loan and additional writing supplies and postage.  Plaintiff argues that the defendants' lack of legal assistance denied him the right to pursue post conviction relief in his state court criminal case 93CF110.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), an inmate must show that the threat or prison condition is real and proximate.  Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)).  Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the court considers his request for leave to proceed in forma pauperis.  See id. (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)).  Ordinarily, claims of physical injury arise in the context of lawsuits alleging Eighth Amendment violations.  I can conceive of no factual scenario under which a plaintiff would be subjected to physical injury by the denial of due process or meaningful access to the courts.  I find, therefore, that plaintiff's allegations do not qualify under the imminent danger exception to § 1915(g).

Because plaintiff is disqualified from proceeding in forma pauperis under § 1915(g), he may choose to pursue this case as a paying litigant.  If so, he must submit a check or money order made payable to the clerk of court in the amount of $350 and he must do so

no later than December 28, 2012.  If he does this, the court then will be required to screen

his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous,

malicious, fails to state a claim upon which relief may be granted or seeks monetary relief

from a defendant who is immune from such relief.

If plaintiff does not pay the $350 filing fee by December 28, 2012, I will consider

that he does not want to pursue this action.  In that event, the clerk of court is directed to

close this file.  However, even if the file is closed, plaintiff will still owe the $350 filing fee

and he must pay it as soon as he has the means to do so.  Newlin v. Helman, 123 F.3d 429,

436-437 (7th Cir. 1997).


ORDER

IT IS ORDERED that plaintiff Jerry Means' request for leave to proceed in forma

pauperis is DENIED because plaintiff is ineligible for in forma pauperis status under 28

U.S.C. § 1915(g).

FURTHER, IT IS ORDERED that plaintiff may have until December 28, 2012, in

which to submit a check or money order made payable to the clerk of court in the amount

of $350.  If, by December 28, 2012, plaintiff fails to pay the fee, the clerk of court is

directed to close this file.  However, even in that event, the clerk of court is to insure that

plaintiff's obligation to pay the $350 fee for filing this case is reflected in this court's financial records.

Entered this 3d day of December, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4